# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 21, 2010

William M. McCool
United States District Court
111 N ADAMS ST
TALLAHASSEE, FL 32301-7717

Appeal Number: 10-14138-H
Case Style: In re: Calvin Campbell
District Court Docket No:

The enclosed order has been entered. No further action will be taken in this matter.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Melanie Gaddis
Phone #: (404) 335-6187

Enclosure(s)

DIS-4 Multi-purpose dismissal letter



IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---
NO. 10-14138-H
---

IN RE: CALVIN CAMPBELL,

                                                               Petitioner.

---
Application for Leave to File a Second or Successive
Habeas Corpus Petition, 28 U.S.C. § 2244(b)
---

Before **BLACK, WILSON and PRYOR, Circuit Judges.**

BY THE PANEL:

Pursuant to 28 U.S.C. § 2244(b)(3)(A), as amended by § 106 of the Antiterrorism and Effective Death Penalty Act of 1996, Calvin Carlos Campbell has filed an application seeking an order authorizing the district court to consider a second or successive petition for a writ of habeas corpus. Such authorization may be granted only if:

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

        (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C).

In his application, Campbell indicates that he wishes to raise five claims in a second or successive § 2254 petition. He asserts that all five claims rely upon new rules of constitutional law. His first claim is that he was deprived of a fair trial because over 40 off-duty police officers encircled the wall of the courtroom and over 100 police officers were "milling about the courthouse" during his trial. He contends that this "show of force" intimidated the jurors. Campbell concedes, however, that he presented this claim in a prior habeas petition. Therefore, this claim cannot serve as the basis for a second or successive habeas petition. *See* 28 U.S.C. § 2244(b)(1).

Campbell's second claim is that the state attorney violated his Sixth and Fourteenth Amendment rights by improperly intercepting communications between his defense counsel and psychiatrists that he retained to testify on his behalf. Campbell cites *Weatherford v. Bursey*, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977) and *Haworth v. Shillinger*, 852 F.Supp. 961 (D.Wyo. 1994) as new rules of constitutional law that support his claim. However, *Weatherford* was decided before Campbell filed his 1979 habeas petition, and *Haworth* is not a decision of the United States Supreme Court. Therefore, neither of those decisions qualifies as a new rule of constitutional law under 28 U.S.C. § 2244(b)(2)(A).

Campbell's third claim is that he was deprived of compulsory process to obtain witnesses in his favor, in violation of the Sixth and Fourteenth Amendments. He explains that he subpoenaed a psychiatrist who would have provided expert testimony that he did not have the specific intent to commit first degree murder. Campbell cites four cases in support of this claim: *Holmes v. South*

*Carolina*, 547 U.S. 319, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006), *California v. Trombetta*, 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984), *Gagne v. Booker*, 606 F.3d 278 (6th Cir. 2010), and *Nixon v. Newsome*, 888 F.2d 112 (11th Cir. 1989). However, neither *Holmes* nor *Trobetta* has been made retroactive by the Supreme Court. In addition, *Gagne* and *Nixon* are federal courts of appeals decisions, not Supreme Court decisions. Thus, none of the cases cited by Campbell are new rules of constitutional law within the meaning of 28 U.S.C. § 2244(b)(2)(A).

Campbell's fourth claim is that he was deprived of his rights to due process and equal protection because, at the time of his indictment in 1966, African-Americans were systematically excluded from the master jury list in Baker County. Campbell concedes, however, that he raised this claim in a prior habeas petition. Therefore, this claim cannot serve as the basis for a second or successive petition. *See* 28 U.S.C. § 2244(b)(1).

Finally, Campbell asserts that the state trial court violated his right to a fair trial by instructing the jury to presume that he was sane. Campbell acknowledges that he raised this claim in a prior habeas petition. Thus, he cannot raise this claim in a second or successive petition. *See* 28 U.S.C. § 2244(b)(1).

Accordingly, because Campbell has failed to make a *prima facie* showing of the existence of either of the grounds set forth in § 2244(b)(2), his application for leave to file a second or successive petition is hereby DENIED.